# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANETTE DE LEON-MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| MICHAEL J. ASTRUE, | § | SA-08-CA-448-XR |
| Commissioner of the Social | § | |
| Security Administration, | § | |
| | § | |
| Defendant. | § | |

## ORDER

On this date, the Court considered the Report and Recommendation filed by the Magistrate Judge, and Plaintiff's objections thereto, concerning Plaintiff's appeal of the Commissioner's decision to deny her Social Security disability benefits. Where the Report and Recommendation has been objected to, the Court reviews the Magistrate Judge's recommended disposition *de novo* pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). After careful consideration, the Court accepts the Magistrate Judge's recommendation to affirm the Commissioner's denial of benefits.

## Introduction

Plaintiff Janette De Leon-Martinez seeks review and reversal of the administrative denial of her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) by the Administrative Law Judge (ALJ). Martinez contends that the ALJ erred by ignoring medical evidence presented after the expiration of plaintiff's insured status on December 31, 2005.[1] Martinez

---

[1]Docket #21 at 1-2.

maintains that the ALJ made errors of law that require the Court to reverse the decision of the defendant, the Commissioner of the Social Security Administration (SSA), denying her benefits. In the alternative, Martinez asks the Court to reverse and remand the case for additional administrative proceedings.

## Jurisdiction

This Court has jurisdiction to review the Commissioner's final decision as provided by 42 U.S.C. §§ 405(g).

## Administrative Proceedings

Based on the record in this case, Martinez fully exhausted her administrative remedies prior to filing this action in federal court. Martinez filed an application for DIB and SSI benefits, alleging disability beginning December 17, 2003.[2] The Social Security Administration denied the application initially, and on reconsideration. Martinez then asked for a hearing, which was held before ALJ Alvaro Garza on August 15, 2006.[3] The ALJ issued a decision on December 1, 2006, concluding that Martinez is not disabled within the meaning of the Social Security Act (the Act).[4] The SSA Appeals Council concluded on April 18, 2008 that no basis existed for review of the ALJ's decision.[5] The ALJ's decision became the final decision of the Commissioner for the purpose of the Court's review pursuant to 42 U.S.C. § 405(g).

Plaintiff filed a motion to proceed *in forma pauperis* in this matter on June 2, 2008;[6] and

---

[2] Tr. 524.

[3] Tr. 73, 522.

[4] *Id*. at 15-25.

[5] Tr. 10.

[6] Docket # 1.

2

following the grant of that motion, she filed her complaint on June 4, 2008.[7] Defendant filed an answer on August 11, 2008, and the case was sent to Magistrate Judge John W. Primomo for a report and recommendation.[8] Both parties filed briefs. On February 5, 2009, Magistrate Judge Primomo issued a report and recommendation to this Court recommending the decision of the ALJ be affirmed.[9] Plaintiff filed objections to the report and recommendation, which this Court now considers.[10]

## Analysis

### A. Standard of Review

In reviewing the Commissioner's decision denying disability benefits, the reviewing court is limited to determining whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence.[11] "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[12] Substantial evidence "must do more than create a suspicion of the existence of the fact to be established, but 'no substantial evidence' will be found only where there is a 'conspicuous absence of credible choices' or 'no contrary medical evidence.'"[13]

---

[7] Docket #3.

[8] Docket #10.

[9] Docket #19

[10] Docket # 21

[11] *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); 42 U.S.C. §§ 405(g), 1383(c)(3).

[12] *Villa v. Sullivan*, 895 F.2d 1019, 1021-22 (5th Cir. 1990) (quoting *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).

[13] *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (quoting *Hames*, 707 F.2d at 164).

If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed.[14] In reviewing the Commissioner's findings, a court must carefully examine the entire record, but refrain from reweighing the evidence or substituting its judgment for that of the Commissioner.[15] Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve.[16] Four elements of proof are weighed by the courts in determining if substantial evidence supports the Commissioner's determination: (1) objective medical facts, (2) diagnoses and opinions of treating and examining physicians, (3) the claimant's subjective evidence of pain and disability, and (4) the claimant's age, education and work experience.[17]

**1. Entitlement to Benefits**

Every individual who is insured for disability benefits, has not reached retirement age, meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive disability insurance benefits.[18] Every individual who meets certain income and resource requirements, has filed an application for benefits, and is under a disability, is eligible to receive supplemental security income benefits.[19] The term "disabled" or "disability" means the inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

[14] *Martinez*, 64 F.3d at 173.

[15] *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *see also Villa*, 895 F.2d at 1021 (the court is not to reweigh the evidence, try the issues *de novo*, or substitute its judgment for that of the Commissioner).

[16] *Martinez*, 64 F.3d at 174.

[17] *Id*.

[18] 42 U.S.C. § 423(a)(1).

[19] 42 U.S.C. § 1382(a)(1) & (2).

4

expected to last for a continuous period of not less than twelve months."[20] A claimant shall be determined to be disabled only if her physical or mental impairment or impairments are so severe that she is unable to not only do her previous work, but cannot, considering her age, education, and work experience, participate in any other kind of substantial gainful work that exists in significant numbers in the national economy, regardless of whether such work exists in the area in which the claimant lives, whether a specific job vacancy exists, or whether the claimant would be hired if she applied for work.[21]

**2. Evaluation Process and Burden of Proof**

Regulations set forth by the Commissioner prescribe that disability claims are to be evaluated according to a five-step process.[22] A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the Commissioner's analysis.[23]

The first step involves determining whether the claimant is currently engaged in substantial gainful activity.[24] If so, the claimant will be found not disabled regardless of her medical condition or her age, education, or work experience.[25] The second step involves determining whether the claimant's impairment is severe.[26] If it is not severe, the claimant is deemed not disabled.[27] In the

---

[20] 42 U.S.C. § 1382c(a)(3)(A).

[21] 42 U.S.C. § 1382c(a)(3)(B).

[22] 20 C.F.R. §§ 404.1520 and 416.920.

[23] *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995).

[24] 20 C.F.R. §§ 404.1520 and 416.920.

[25] *Id*.

[26] *Id*.

[27] *Id*.

5

third step, the Commissioner compares the severe impairment with those on a list of specific impairments.[28] If it meets or equals a listed impairment, the claimant is deemed disabled without considering his or her age, education, or work experience.[29] If the impairment is not on the list, the Commissioner, in the fourth step, reviews the claimant's residual functional capacity and the demands of her past work.[30] If the claimant is still able to do her past work, the claimant is not disabled.[31] If the claimant cannot perform her past work, the Commissioner moves to the fifth and final step of evaluating the claimant's ability, given her residual capacities, age, education, and work experience, to do other work.[32] If the claimant cannot do other work, she will be found disabled. The claimant bears the burden of proof at the first four steps of the sequential analysis.[33] Once the claimant has shown that she is unable to perform her previous work, the burden shifts to the Commissioner to show that there is other substantial gainful employment available that the claimant is not only physically able to perform, but also, taking into account her exertional and nonexertional limitations, able to maintain for a significant period of time.[34] If the Commissioner adequately points to potential alternative employment, the burden shifts back to the claimant to prove that she is unable to perform the alternative work.[35]

---

[28]*Id.*

[29]*Id.*

[30]*Id.*

[31]*Id.*

[32]*Id.*

[33]*Leggett*, 67 F.3d at 564.

[34]*Watson v. Barnhart*, 288 F.3d 212, 217 (5th Cir. 2002).

[35]*Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

**B. Findings and Conclusions of the ALJ**

Turning to the sequential analysis, the ALJ reached his decision that Plaintiff was not disabled at step five of the evaluation process. At step one, the ALJ determined that Martinez had not engaged in substantial gainful activity between the alleged onset date of December 17, 2003 and December 31, 2005. At step two, the ALJ determined that Martinez had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, status post cervical fusion, status post lumbar fusion. The ALJ concluded that Plaintiff's diagnosis of a major depressive disorder was a slight abnormality causing no more than minimal disruption in her ability to perform basic work activities, and was not severe within the meaning of Social Security Regulation (SSR) 85-28 and *Stone v. Heckler*.[36] At step three, the ALJ found that Martinez's impairments, considered either singly or in combination, did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[37] At step four, the ALJ assessed claimant's residual functional capacity (RFC) and the demands of her past work as a nurse. The ALJ acknowledged that Martinez is unable to perform any of her past relevant work, and concluded that she has the RFC to lift/carry 20 pounds occasionally and 10 pounds frequently; sit, stand and walk without limitations, and occasionally bend and stoop. The ALJ further concluded that Plaintiff must avoid ladders, ropes, and scaffolding, that she cannot climb greater than one flight of stairs at time, and that she has a mild concentration limitation. At step five, the ALJ accepted the vocational expert's testimony that Martinez would have been capable of performing other jobs that exist in significant numbers in the national economy; concluding that she is not disabled as defined by the Social Security Act.

---

[36]*Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985).

[37]*Id*. at. 25–26.

## C. Martinez's Allegations of Error

### 1. Improper Evaluation of Dr. Barker's Opinion

First, Martinez states that the ALJ improperly evaluated Dr. Barker's opinion regarding her functional limitations.[38] The opinion of a treating physician who is familiar with the patient's impairments, treatment, and responses should be accorded great weight in determining disability.[39] The ALJ concluded that Dr. Barker had only examined the patient once and was not a treating physician.[40] A treating physician is defined as a physician or psychologist "who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you."[41] The Magistrate Judge agreed with the conclusion that Dr. Barker was only a consultative examiner and not a treating physician.[42] Plaintiff did not object to this conclusion, and the Court concludes that the Magistrate Judge's conclusion is not clearly erroneous.

Martinez also claims that the ALJ did not provide adequate reasons for rejecting Dr. Barker's opinion and in failing to re-contact him after rejecting his opinion.[43] However, as the Magistrate Judge noted, reversal for failure to recontact is appropriate only if the claimant shows prejudice from the ALJ's failure to request additional information.[44] The Magistrate Judge concluded that Plaintiff did not explain what clarification or additional evidence from Dr. Barker was required and did not

---

[38]Docket #13.

[39]*Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000).

[40]Tr. 21-22.

[41]20 C.F.R. § 404.1502.

[42]Docket # 19.

[43]Docket #13.

[44]*Newton*, 209 F.3d. at 458.

8

point to any additional evidence that Dr. Barker could have produced that might have led to a different decision. Thus, the Magistrate Judge concluded, in the absence of a showing of prejudice, the ALJ did not err in failing to re-contact Dr. Barker.[45] The Magistrate Judge further found sufficient basis for the ALJ to reject Dr. Barker's functional assessment. Plaintiff has not filed objections on this issue, and the Court concludes that the Magistrate Judge's conclusion is not clearly erroneous.

**2. Improper Evaluation of Martinez's Mental Impairment**

Martinez contends that the ALJ improperly evaluated her mental impairment. She argues that the ALJ erred in rejecting Dr. Berry's opinion.[46] Dr. Berry found that claimant's ability to concentrate was moderately impaired.[47] He also noted that her recent and immediate memory were normal, but remote recall was vague and inaccurate.[48] He assessed her with a GAF of 50, which indicates serious impairments in social, occupational or school functioning.[49] The ALJ discounted Dr. Berry's findings because he "conducted a one-time consultative examination in which the majority of the evidence showed very little limitation." The ALJ gave more weight to the assessment of Dr. Jones, claimant's treating physician, who examined and treated Martinez regularly over a three-year period. Dr. Jones

---

[45]Docket #19.

[46]The Commissioner responds that it properly found that plaintiff's mental impairment was not severe. Plaintiff does not complain on this appeal that the finding that her mental impairment was not severe was error.

[47]Tr. 223.

[48]*Id.*

[49]The Global Assessment of Functioning (GAF) is a hundred-point scale used to assess a client's recent and current levels of social, psychological, and occupational functioning. A GAF of 41-50 indicates a serious impairment in social, occupational or school functioning.

9

gave Martinez a GAF of 60 the next day.[50] The ALJ also considered evidence of plaintiff's activities of daily living and social functioning. The Magistrate Judge concluded that the ALJ correctly determined that Dr. Jones's findings warranted a determination that Dr. Berry's report was not entitled to significant weight, and this conclusion is not clearly erroneous.

Martinez also complains that the ALJ erred in his consideration of the opinions of the state agency medical consultants. Under Title 20 C.F.R. § 404.1527(f)(2)(I), an ALJ is not bound by any findings made by state agency medical or psychological consultants. However, such consultants are highly qualified individuals and the ALJ must consider findings of these consultants as opinion evidence, except for the ultimate determination about whether a claimant is disabled.[51] The ALJ did discuss the reports of both state agency medical consultants, and the Magistrate Judge concluded that he satisfied his obligation under § 404.1527(f)(2) and gave appropriate weight to their conclusions. Plaintiff has not objected, and the Magistrate Judge's conclusions are not clearly erroneous.

### 3. Relation Back

Martinez contends that the ALJ failed to consider relevant evidence outside the insured period that relates back to that period or to consult a medical advisor to determine the date of disability onset. This third issue is the sole objection Martinez raises to the Magistrate Judge's report and recommendation, and thus requires *de novo* review.[52]

Plaintiff argues that the ALJ ignored much of the medical evidence after the date last insured, but given the nature of her slowly, progressively worsening condition, the ALJ should have

---

[50]Tr. 241. (A GAF of 51-60 indicates moderate difficulty in social, occupational or school functioning. A GAF of 61-70 indicates some difficulty in social, occupational or school functioning).

[51]20 C.F.R. § 404.1527(f)(2)(i)

[52]Docket #21.

considered all the evidence and whether it relates back to the insured period. Plaintiff states that many of the later diagnostic studies suggest degenerative conditions or neurological abnormalities (possibly MS) that would have progressively worsened, independent of the fact that Plaintiff suffered two unrelated traumas after the date late insured (December 31, 2005). Plaintiff argues that when the date of onset of disability is unclear, a medical advisor must be consulted.

A claimant is eligible for benefits only if the onset of the qualifying medical impairment, or combination of impairments, began on or before the date the claimant was last insured.[53] Thus, Martinez must establish the onset of disability on or before December 31, 2005 in order to qualify for DIB.[54] The Magistrate Judge considered the medical evidence from 2006 as well as before Plaintiff's insured status expired. The Magistrate Judge noted that the medical evidence showed that, at the time Plaintiff's insured status expired in December 2005, she was physically stable and had a pattern of long-term consistency. Plaintiff was in a car accident in January 2006, after which her condition worsened. The Magistrate Judge notes that Dr. Karasek examined Plaintiff on March 1, 2006, and he stated that Plaintiff was doing fairly well until the accident, but since then her low back and leg pain had increased. This is consistent with Plaintiff's own allegations in her brief, wherein she states that "Dr. Karasek felt that the car accident exacerbated her prior conditions to the neck and low back." The Magistrate Judge also noted, as pointed out by Plaintiff, that MRI studies in March and May 2006 showed abnormalities, that a nerve conduction study in March 2006 was consistent with chronic radiculopathy, and that by July 2006 Plaintiff was using a cane. The Magistrate Judge also

---

[53] *Loza v. Apfel*, 219 F.3d 378 (5th Cir. 2000).

[54] *See Ivy v. Sullivan*, 898 F.2d 1045, 1048 (5th Cir. 1990)*; Henry v. Astrue*, No. 08-45-GWU, 2009 U.S. Dist. WL 223850, at * 4 (E.D. Ky. Jan. 29, 1990); Milam v.Bowen 782 F.2d 1284, 1284 (5th Cir. 1986).

considered Plaintiff's mental health records, noting that February and March 2006 records are not materially different from Dr. Jones's reports. The Magistrate Judge concluded that the 2006 evidence concerning Plaintiff's depression was clearly traceable to the pain and physical setback caused by the January 2006 accident, and thus was not relevant to the issue of disability onset before 2006.

Evidence showing a degeneration of a claimant's condition after the expiration of insured status is not relevant to the disability analysis.[55] However, when the impairment is slowly progressing and the medical evidence is ambiguous regarding the onset date of disability, the ALJ must use a medical advisor to infer the onset date.[56]

An ALJ should consider medical records after the date last insured, but only to determine if they reflect a continuation of a disability, corroboration of an earlier diagnosis, or are otherwise probative to whether the claimant suffered a disability for any continuous period prior to the expiration of his or her insurance.[57] The medical evidence presented after 2005 is insufficient to show that claimant's onset of disability may have occurred before December 2005. Rather, the evidence indicates that claimant's condition worsened after her accident in January 2006, after her insurance had already expired. For example, Dr. Karasek noted on March 1, 2006 that Plaintiff "was doing fairly well but was rear-ended in a motor vehicle accident on 1/12/06. She has had increased low back and leg pain ever since." This case is not like *Spellman v. Shalala*, 1 F.3d 357, 362 (5th Cir. 1993), cited by Plaintiff, where a claimant was diagnosed with a non-disabling impairment before her insured status expired, and then the same impairment was clearly disabling after the insured status expired, but there was a lack of medical evidence in between to reliably determine when the impairment

---

[55] *See Torres v. Shalala*, 48 F.3d 887, 894 n.12 (5th Cir. 1995).

[56] *Spellman v. Shalala*, 1 F.3d 357 (5th Cir. 1993).

[57] *Hanovich v. Astrue* 579 F. Supp. 2d 1172, 1185, n.19 (D. Minn. 2008).

became disabling. In *Spellman*, the court distinguished a Seventh Circuit case on the basis that there was a complete medical chronology of the impairment, noting that in such a case the ALJ may choose an appropriate onset date without the aid of a medical advisor. In this case, there is a medical chronology, the medical evidence is not ambiguous, and substantial evidence supports the conclusion that Plaintiff was stable at the time her insured status expired. Plaintiff's 2006 evidence does not indicate that her impairment may have become disabling prior to the expiration of her insured status, and does not require the aid of a medical advisor.

## **Conclusion**

For the foregoing reasons, the recommendation of the Magistrate Judge is accepted, and the decision of the Commissioner is AFFIRMED. Plaintiff Janette De Leon-Martinez's petition to have the Commissioner's decision reversed and/or remanded is DENIED. The Clerk is instructed to enter a judgment on behalf of Defendant and to close this case.

It is so ORDERED.

SIGNED this 25 day of June, 2009.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE